THOMAS CONWAY, RESPONDENT, v. HANNAH G. WILLIAMS, EXECUTRIX, ETC., APPELLANT.

*Presumption — sealed note — consideration — account.*

Where, in an action on a sealed note, an account, purporting to constitute a part of the consideration therefor, was produced before the referee and marked for identification, *held*, that the failure of the plaintiff to introduce the account in evidence, raised no presumption that the note had no consideration or an insufficient one.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The action was brought to recover the amount alleged to be due on a sealed note.

*William Wickham*, for the appellant.

*G. H. Gleason*, for the respondent.

TALCOTT, J.:

This case presents nothing but a question of fact. The action is on a sealed note, executed in the presence of a subscribing witness. The making of the note was duly proved, and evidence was given, showing the existence of a part of the consideration, and that an account, purporting to constitute the consideration of the note, was before the maker at the time of the making of the note, and was subsequently read and explained to him, on one or two occasions, without objection. This account was also produced before the referee and marked for identification, and was before the parties on the trial. The defendant's counsel seems to think it was the duty of the plaintiff to offer this account in evidence, and that, because he did not do so, some presumption should have been indulged by the referee, that the note had no consideration, or an insufficient one. This is a mistake. The note itself afforded presumptive evidence of a sufficient consideration, and the outside evidence given by the plaintiff, tended also to show a consideration, as settled and agreed on by the parties at the time. The onus was on the defendant, to impeach the note if he could do so, and if the account, then before the referee, and marked for identification, contained any evidence tending to impeach the note, it should have been offered in evidence by the defendant's counsel. The case certainly discloses no evidence, upon which the referee would have been justified in finding that the note had none, or an insufficient consideration.

Judgment affirmed.

Present — BARNARD, P. J., TALCOTT and TAPPEN, JJ.

Judgment affirmed.